UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JEFFREY FOSS, Supervisor, Snake River Office, ) <br> USFWS; U.S. FISH AND WILDLIFE SERVICE, ) <br> and GALE NORTON, Secretary of the Department ) <br> of the Interior, ) <br> ) <br> Defendants, ) <br> ) <br> DICK KEMPTHORNE, OFFICE OF SPECIES ) <br> CONSERVATION, and JAMES L. CASWELL, ) <br> ) <br> Defendant-Intervenors. ) <br> _____ ) | Case No. Civ. 04-168-S-EJL <br><br> **MEMORANDUM DECISION** <br> **AND ORDER** |

Pending before the Court in the above-entitled matter is Plaintiff's Motion to Reassign Case (Docket No. 57). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Plaintiff moves the Court to reassign this matter to the Honorable B. Lynn Winmill arguing Judge Winmill is presiding over a closely associated case. Defendant Governor Kempthorne objects to the motion for reassignment arguing there is no persuasive reason to reassign, an absence of legal authority to reassign and the motion is judge shopping. Federal Defendants also oppose the motion

1

as forum-shopping and disagree that this case is associated with the case before Judge Winmill or presents similar issues. Plaintiff replies by arguing this Court has broad discretion in electing to reassign cases to promote judicial efficiency and economy.

The Court does have broad discretion in the reassignment of cases. United States v. Gray, 876 F.2d 1411, 1415(9th cir. 1989). However, after reviewing the record in this matter as well as Judge Winmill's case, the Court finds reassignment is not appropriate. The issues before the Court in the pending matter are different than those before Judge Winmill in 04-310-S-BLW. While both cases relate to slickspot peppergrass, Judge Wimnill's case was a Freedom of Information Act ("FOIA") case and the matter pending before this Court involves the Endangered Species Act. The "issues in this case do not directly involve any action previously decided" by Judge Winmill. National Wildlife Federation v. U.S. Army Corps of Engineers, 188 F.R.D. 381, 383 (D. Or. 1999). Moreover, the Court does not find there will be an increase or a decrease in the amount of judicial resources necessary to resolve the pending case if the case is reassigned. Both District Court judges are very busy in this District and the judicial efficiency argument of Plaintiff is unpersuasive since either judge will have to spend a significant amount of time on the pending motions for summary judgment.

The fact that Plaintiff seeks to have the case reassigned to Judge Wimill over one year after the case was filed and after Judge Winmill has issued a FOIA ruling in Plaintiff's favor does make it appear that Plaintiff is attempting to judge shop. As the Seventh Circuit stated, "we cannot conceive of any protectable interest a litigant would have in having a particular judge sit his case." Hampton v. Chicago, 643 F.2d 478 (7th Cir. 1981). This Court agrees with the premise set forth by the Seventh Circuit. Finally, in reviewing the record, the Court finds there is no reason for this

judge to recuse himself from the case at bar.

Being fully advised in the premises, the Court hereby orders that Plaintiff's Motion to Reassign the Case (Docket No. 57) is **DENIED**.

DATED: **May 18, 2005**

_____
Honorable Edward J. Lodge
U. S. District Judge