IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, ) | |
| ) | CASE NO. CV 04-168-MHW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JEFFREY FOSS, Supervisor, Snake River ) | **MEMORANDUM DECISION** |
| Office, USFWS; U.S. FISH AND ) | **AND ORDER** |
| WILDLIFE SERVICE, and ) | |
| GALE NORTON, Secretary of the ) | |
| Department of the Interior, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| JAMES E. RISCH, OFFICE OF ) | |
| SPECIES CONSERVATION, and ) | |
| JAMES L. CASWELL, ) | |
| ) | |
| Defendant-Intervenors ) | |
| _____ ) | |

Currently pending before the Court is Plaintiff's Motion to Enforce Memorandum Decision and Order (Docket No. 92), filed September 7, 2006. For the reasons that follow, the Motion will be granted.

**Memorandum Decision and Order - Page 1**

## I.
## Background

Plaintiff, Western Watersheds Project ("Plaintiff"), filed an action against Jeffrey Foss, Supervisor of the Snake River Field Office of the United States Fish and Wildlife Service, the United States Fish and Wildlife Service ("The Service"), and Gale Norton, the Secretary of the Department of the Interior, also collectively referred to as the "the Service" for declaratory and injunctive relief.  Plaintiff was challenging the agency action that occurred on January 22, 2004, when The Service published its withdrawal of the proposed rule to list the slickspot peppergrass as endangered pursuant to the Endangered Species Act ("ESA").  *See* 69 Fed. Reg. 3,094 (Jan. 22, 2004).  On August 19, 2005, this Court entered a Memorandum Decision and Order ("August 2005 Order") granting summary judgment for the Plaintiff and reversing "the decision to withdraw the proposed rule, with directions that the case be remanded to the Secretary of the Department of Interior for reconsideration, in accordance with legal standards outlined in this opinion, the question whether a proposed rule listing the slickspot peppergrass as either threatened or endangered should be adopted."

Plaintiff brought this current motion to enforce this August 19, 2005 judgment and requests that the Court issue an order enforcing its Memorandum Decision and Order by directing the Service to finalize its listing rule within 30 days.

## II.
## Plaintiff's Motion to Enforce Memorandum Decision and Order

Plaintiff  brought this Motion as over a year has passed since this Court issued its Memorandum Decision and Order and the Service has failed to issue a final decision.  Plaintiff urges that although the Court did not specify a date for the Service to issue its decision on whether a proposed rule listing the slickspot peppergrass as either endangered or threatened

**Memorandum Decision and Order - Page 2**

should be adopted, under Section 4 of the ESA, the Service must issue a final listing within one year after issuing a rule proposing to protect a species as threatened or endangered under the ESA. *See* 16 U.S.C. § 1533(b)(6)(A).[1]  Plaintiff notes that the Service issued a proposed rule protecting the slickspot peppergrass in July 2002 and has since failed to comply with the ESA's one-year deadline for a final listing. Plaintiff asserts, at the least, the Service should have adopted a final listing rule within one year of the August 2005 Order. It also submits that the Service repeatedly advised Plaintiff that it was interpreting the August 2005 Order as imposing a one-year deadline for a final listing rule. Third Tucci Decl. ¶¶ 4-5. Additionally, Plaintiff wants the Court to require the Service to issue a final listing rule within 30 days and points out that the Service does not dispute that its staff has fully prepared a listing rule that can be published on very short notice.

In response, the Service asserts that it has indeed been complying with the Court's August 2005 Order by diligently working to issue a new final listing determination based on the "best scientific and commercial information available." *See* 16 U.S.C. § 1533(b)(1)(A). Since the Court's decision, the Service has solicited new data and scientific information on the slickspot peppergrass from interested parties to update its summary of relevant information on the species. The Service has also solicited public review and comment and peer review on the updated Best Available Biological Information ("BAI") document, completed a new analysis

---

[1]  16 U.S.C. § 1533(b)(6)(A) states:
Within the one-year period beginning on the date on which general notice is published in accordance with paragraph 5(A)(I) regarding a proposed regulation, the Secretary shall publish in the Federal Register - (i) if a determination as to whether a species is an endangered species or a threatened species, or a revision of critical habit is involved, either - (I) a final regulation to implement such determination, (II) a final regulation to implement such revision or a finding that such revision should not be made, (III) notice that such one-year period is being extended under subparagraph (B)(I), or (IV) notice that the proposed regulation is being withdrawn under subparagraph (B)(ii), together with the finding on which such withdrawal is based; or (ii) subject to subparagraph(c), if a designation of critical habitat is involved, either - (I) a final regulation to implement such designation, or (II) notice that such one-year period is being extended under such subparagraph.

**Memorandum Decision and Order - Page 3**

under the Service's Policy for Evaluation of Conservation Efforts When Making Listing Decisions, convened a new expert panel, convened a new management panel, and developed a draft listing recommendation.  *See* Declaration of Marshall P. Jones, Jr., "Marshall Decl.", ¶¶ 5-7.  The Service now would like to open a comment period to give the public and interested parties the opportunity to review and comment on recent, new information that has not been subject to public review and comment previously.  Marshall Decl. ¶¶ 8-9.  The Service believes it can complete a new final listing determination by April 27, 2007.  Marshall Decl.¶¶ 9-11.

The Service maintains that the one-year deadline from Section 4 of the ESA does not apply to rulemaking conducted on remand.  Plaintiff points out that the Service cites no authority for this proposition.   It also asserts that the Court left the timeframe to the Service's discretion as it did not provide a date by which the Service had to complete the remand and therefore there is no violation of the August 2005 Order.  The Service maintains that Plaintiff is under a mistaken belief that the Court's August 2005 Order mandated that the slickspot peppergrass be listed.  The Service believes the Order only mandated that a new final listing determination be made, which is all it could do under the APA, because a court cannot direct the substance of an agency determination on remand.  *See S. Prairie Constr. Co. v. Local No. 627*, 425 U.S. 800 (1976).  The Service points out that although the Court lacks discretion to direct the substantive decision on remand, the Court does have discretion as to whether to specify a date certain for completion of that decision and, if so, what is the proper timeframe within which the Service must make a new decision on remand.  They do assert that if the Court is to issue a timeframe for completion, it must be reasonable and only done if there is substantial justification.[2]  The Service

---

[2]  The case the Service uses to support this "substantial justification" standard involved a Federal Power Commission order and the court's determination that additional evidence was requisite for adequate review is not applicable to the facts at hand.

**Memorandum Decision and Order - Page 4**

maintains that *if* the Court does fashion a deadline for the agency action, it must apply a reasonableness standard in doing so due to the reality of the Service's funding and workload limitations.

The Defendant-Intervenors in this case, the Governor of Idaho and the Governor's Office of Species Conservation ("Governor's Office"), support the Service's interpretation that a new status review is necessary to comply with the "best available" information mandate thereby reviving the decision-making process. It also submits that if the Service simply reconsidered the information upon which it relied in promulgating the 2002 proposed rule, without considering the recent additional information, a question of staleness would attach to the preexisting information. It contends that a determination following this remand period is necessary for interested parties to provide comment on the ultimate conclusions of the Service. Plaintiff maintains that the public, including the Governor's Office, has already had ample opportunity to review and comment on the existing science on slickspot peppergrass and the Service has now allowed public comment on the science surrounding this species on six occasions in the last four years.

The Governor's Office points out that should the Service decide to not to list the slickspot peppergrass as endangered or threatened after applying the five listing criteria[3], then that decision could be judicially reviewed and, in the alternative, if a determination is reached based on those listing criteria, the APA and ESA require federal agencies to publish a proposed rule to "give interested persons an opportunity to participate in the rule making through

---

[3] (1) The present or threatened destruction, modification, or curtailment of its habitat or range; (2) overutilization for commercial, recreational, scientific, or educational purposes; (3) diseases or predation; (4) the inadequacy of existing regulatory mechanisms; or (5) other natural or mandate factors affecting its continued existence. 16 U.S.C. § 1533(a)(1)(A)-(E).

**Memorandum Decision and Order - Page 5**

submission of written data, views, or arguments with or without the opportunity for oral presentation" and granting Plaintiff's Motion to issue a final rule within 30 days would conflict with these requirements.  *See* 5 U.S.C. § 553(b)-(c).  The Governor's Office maintains it has not had an opportunity to view or comment on the Service's conclusions based on the information and analysis contained in the new status review.  Additionally, it points out that the Service's proposed timeline of April 2007 does not pose an imminent risk to the slickspot peppergrass. *See* Marshall Decl. ¶ 10 ("None of the seven scientists in the May 2006 expert panel regarding extinction risk indicated that they believe the species will go extinct within the next few years"). Plaintiff contends however that this 8-month delay will further imperil the slickspot peppergrass and seriously prejudice the interests of Plaintiff and other interested parties.  As well, Plaintiff urges that the record shows that the slickspot peppergrass population and habitat trends have worsened.  Additionally, Plaintiff seeks immediate action so that there is time to allow the Service, the BLM, and federal grazing permitees to conduct an ESA Section 7 consultation over the impacts of grazing and other activities on slickspot peppergrass, which will be required as soon as the plant is listed.

### III.
### Discussion

All the parties to this litigation realize that the Court has the inherent power to enforce its orders and decisions and thus there is no merit to the Service's argument that this Motion to Enforce should have been brought as a Fed. R. Civ. Pro. Rule 60(b) motion instead.

The Ninth Circuit has held that Section 4 of the ESA, which requires the Secretary to act on a proposed rule to list a species as endangered within one year of the date of its publication, is a mandatory, nondiscretionary duty which may be enforced by citizen suit.  *Envt'l Def. Ctr. v.*

*Babbitt*, 73 F.3d 867, 871 (9th Cir. 1995); *see* 16 U.S.C. § 1533(b)(6)(A). When an entity governed by the Administrative Procedures Act ("APA") fails to comply with a statutorily imposed absolute deadline, then that agency has unlawfully withheld agency action and courts, upon proper application, must compel the agency to act. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999).[4] There is no discretion in this. *Id*. The agency must act by the deadline and if it does not, a reviewing court must compel the action. *Id*. "To hold otherwise would be an affront to our tradition of legislative supremacy and constitutionally separated powers." *Id*. In reviewing the legislative history behind Section 4 of the ESA, the Ninth Circuit has stated that the reasoning behind the 1982 amendments (which includes Section 4's one year deadline) was Congress's "concern about the lower number of additions to the list of endangered species." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1400 (9th Cir. 1995). Thus, to expedite the listing process, Congress shortened the time frames for action, including the shortening of the allowable time for final action on Section 4 proposals from two years to one year from date of proposal. *Id.* at 1401. This indicates the importance of having species listed in a timely manner.

When courts have set a timetable for agency action, the Ninth Circuit has instructed them to follow a standard of reasonableness. *Conservation Council for Hawaii v. Babbitt*, 24 F. Supp. 2d 1074, 1076 (D. Haw. 1998) (imposing a deadline for determination of a designation or nondesignation of a critical habitat for 245 endangered or threatened Hawaiian plant species). Additionally, in following this "reasonableness" standard in setting a timeline, courts may

---

[4] *Cf. Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 124 S. Ct. 2373, 159 L. Ed. 2d 137 (2004) (dealing with the BLM's discretion in how to achieve objective of managing off-road vehicle use in federal lands and stating "[t]he principal purpose of the APA limitations...is to protect agencies from undue judicial interference with their lawful discretion and to avoid judicial entanglement in abstract policy disagreements which courts lack both expertise and information to resolve.")

**Memorandum Decision and Order - Page 7**

exercise discretion and consider the Service's budgetary shortfalls, workload constraints, and other relevant factors. *Ctr. for Biological Diversity v. Norton*, 212 F. Supp. 2d 1217, 1221 (S.D. Cal. 2002) (imposing an appropriate timeline for new critical habitat determinations for eight different plant species). Although these previous two cases dealt with the designation of critical habitats, the Ninth Circuit has issued an injunction requiring the Service to complete listing determinations within twelve months as mandated under Section 4 of the ESA. *Biodiversity Legal Found. v. Badgley*, 390 F.3d 1166, 1178 (9th Cir. 2002). Additionally, in another case, a court found that where the Service has prepared a draft but had not yet published the twelve-month finding as required under Section 4 of the ESA, thirty days was sufficient for the Secretary of the Department of Interior to issue the twelve-month finding of whether listing was warranted pursuant to 16 U.S.C. § 1533(b)(3)(B). *Ctr. for Biological Diversity v. Norton*, 163 F. Supp. 2d 1297 (D. N.M. 2001).

In regards to the "best available science" concerns and an additional public comment period, the Ninth Circuit has maintained that the public is "not entitled to review and comment on every piece of information utilized during rule making." *Kern County Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006) (finding that since there were no alleged inaccuracies in the new studies, the information was not hidden from public, and the information was just supplemental and not critical to the listing decision, there was no need to reopen the comment period). Agencies will often receive new information after a comment period and an agency should be encouraged to use this new information without thereby risking the requirement of a new comment period. *Id*. (quoting *BASF Wyandotte Corp. v. Costle*, 598 F.2d 637, 644-45 (1st Cir. 1979)).

**Memorandum Decision and Order - Page 8**

# IV.
# Conclusion

It is clear that this Court has the power to enforce its own orders and has much discretion in choosing to do so. It is also clear under relevant caselaw that the Court may set a reasonable timetable for agency action. Under the ESA, the maximum time period allowable for decisions to be made, whether it be that petition action is warranted or that a species is endangered or threatened, is one year. *See* 16 U.S.C. § 1533(b)(3)(B), § 1533(b)(6)(A). Congress shortened the deadline for listing a species as endangered or threatened in order to encourage and expedite the listing process. It has been over a year since this Court issued its Memorandum Decision and Order ordering the Service to issue a final listing determination and over four years since the Service issued a proposed rule on the slickspot peppergrass. There has been sufficient time for the Service to issue its final listing determination. Additionally, there has been comment on the science surrounding the slickspot peppergrass six times in the last four years. The Court orders the Defendants to issue a final listing determination within ninety (90) days from the date of this Order, or by January 4, 2007. No extensions of this deadline will be granted. This will allow sufficient time for any further actions the Service wishes to conduct and help to avoid subsequent litigation on procedural matters. As well, it will provide for a determination to be in effect prior to the beginning of the next grazing season and allow for necessary consultation under the ESA. The Court finds ninety (90) days is a reasonable timeframe in which the Defendants can comply with the Court's order.

## **ORDER**

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1)      Plaintiff's Motion to Enforce the August 19, 2005 Memorandum Decision and Order (Docket No. 92), filed September 7, 2006, is **GRANTED**.

2)      Defendants must issue a final listing determination on the slickspot peppergrass by January 4, 2007.

DATED: October 4, 2006

Honorable Mikel H. Williams
United States Magistrate Judge

.